IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

AARON LEE FISCHER,

    Defendant.

4:19CR3095

PLEA AGREEMENT

IT IS HEREBY AGREED between the plaintiff, United States of America, through its counsel, Joseph P. Kelly, United States Attorney and Assistant United States Attorney, and defendant, Aaron Lee Fischer, and Jessica L. Milburn, counsel for defendant, as follows:

# I
# THE PLEA

A.    CHARGE(S) & FORFEITURE ALLEGATION(S).

Defendant agrees to plead guilty to Count I of the Indictment. Count I charges a violation of Title 18, United States Code, Section 2251(a), production of child pornography.

B.    In exchange for the defendant's plea of guilty as indicated above, the United States agrees as follows:

    1.    The United States will move to dismiss Counts II, III, and IV at the time of sentencing.

# II
# NATURE OF THE OFFENSE

A.    ELEMENTS EXPLAINED.

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

    1.    That the Defendant employed, used, persuaded, induced, enticed or coerced the victim to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct;

    2.    At the time, the victim was a minor; and

1

3. That the Defendant knew or had reason to know that such visual depiction was produced using materials that had been mailed, shipped, or transported across state lines or in foreign commerce by any means; or that the visual depiction was mailed or actually transported across state lines or in foreign commerce.

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS.

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed.

Between May 1 and May 4, 2019, Defendant communicated with a 13 year old minor, identified as "Victim 1", through various internet based social media platforms. The communications became sexual and the Defendant arranged a meeting with Victim 1 at a local school in Lincoln, Nebraska on May 4, 2019 for the purpose of engaging in sexually explicit conduct. During the communications, Victim 1 stated to Defendant that Victim 1 was 13 years old. After the Defendant met Victim 1, the Defendant took Victim 1 to his residence in Lincoln, Nebraska. While at Defendant's residence, Defendant persuaded Victim 1 to engage in sexually explicit conduct as defined by federal law. Defendant filmed Victim 1 performing oral sex on the Defendant using an Apple iPhone SE, a cellular phone manufactured, mailed, transported and shipped across state lines and in foreign commerce. Defendant later distributed the video of the sexual act by texting a copy of the video to Victim 1 on May 5, 2019.

III

PENALTIES

A. COUNT I. Defendant understands that the crime to which defendant is pleading guilty carries the following penalties:

1. A maximum 30 years in prison; and a mandatory minimum of 15 years;
2. A maximum $250,000 fine;
3. A mandatory special assessment of $50,000 pursuant to 18 U.S.C. §2259A; and
4. A term of supervised release of at least 5 years, up to life. Defendant understands that failure to comply with any of the conditions of supervised release may result in revocation of supervised release, requiring defendant to serve in prison all or part of the term of supervised release.
5. Possible ineligibility for certain Federal benefits.

2

## IV
## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE
## DISTRICT OF NEBRASKA

This plea agreement is limited to the United States Attorney's Office for the District of Nebraska, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities.

## V
## SENTENCING ISSUES

A. **SENTENCING AGREEMENTS.**

    1.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the parties agree the defendant shall receive a term of imprisonment of a minimum sentence of 210 months and a maximum sentence of 360 months. The parties also agree that the Defendant should receive a 10 year term of supervised release after the period of incarceration. The exact term of imprisonment, within this range, and all other sentencing factors, including but not limited to the terms of supervised release and restitution, is left to the discretion of the sentencing court. This negotiated agreement resolves all issues related to the case and is the appropriate disposition. Defendant waives the right to seek or receive a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2).

    2.    The Defendant acknowledges restitution will be ordered as a part of the sentence in this case, and the Defendant agrees the Court may order restitution to all persons or organizations for loss or harm directly and proximately caused by the Defendant's relevant conduct regardless whether that person or organization is a victim of the offense of conviction. As such, it is understood the Defendant will be ordered to pay restitution to the following persons or organizations:

Any victims of the Defendant's criminal conduct, including but not limited to the person identified as "Victim 1."

The Defendant understands that a schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on methods, available to the United States to enforce the judgment. If incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless whether the Court specifically directs participation or imposes a payment schedule. Pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due immediately and subject to immediate enforcement by the United States as provided for in Section 3613. The Defendant agrees to provide all of Defendant's financial information to the United States and the Probation Officer, and agrees, if requested, to participate in a pre-sentencing debtor exam.

B.  "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION.

The parties agree that the facts in the "factual basis" paragraph of this agreement, if any, are true, and may be considered as "relevant conduct" under U.S.S.G. § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

The parties agree that all information known by the office of United States Pretrial Service may be used by the Probation Office in submitting its presentence report, and may be disclosed to the court for purposes of sentencing.

C.  STIPULATED REMOVAL.

If defendant is not a United States citizen, or national, either before or immediately following sentencing, defendant agrees to an order of removal from the United States entered by Executive Office for Immigration Review or authorized Department of Homeland Security official. Defendant understands that defendant will not be removed until defendant has served any criminal sentence imposed in this or any other case. Defendant further waives any right to appeal, reopen or challenge the removal order.

## VI
## DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

The defendant hereby knowingly and expressly waives any and all rights to appeal the defendant's conviction and sentence, including any restitution order in this case, and including a waiver of all motions, defenses, and objections which the defendant could assert to the charges or to the Court's entry of Judgment against the defendant, and including review pursuant to 18 U.S.C. § 3742 of any sentence imposed, except:

    (a) As provided in Section I above, (if this is a conditional guilty plea); and

    (b) A claim of ineffective assistance of counsel.

The defendant further knowingly and expressly waives any and all rights to contest the defendant's conviction and sentence in any post-conviction proceedings, including any proceedings under 28 U.S.C. § 2255, except:

    (a) The right to timely challenge the defendant's conviction and the sentence of the Court should the Eighth Circuit Court of Appeals or the United States Supreme Court later find that the charge to which the defendant is agreeing to plead guilty fails to state a crime.

    (b) The right to seek post-conviction relief based on ineffective assistance of counsel.

If defendant breaches this plea agreement, at any time, in any way, including, but not limited to, appealing or collaterally attacking the conviction or sentence, the United States may prosecute defendant for any counts, including those with mandatory minimum sentences, dismissed or not charged pursuant to this plea agreement. Additionally, the United States may use any factual admissions made by defendant pursuant to this plea agreement in any such prosecution.

## VII

## **BREACH OF AGREEMENT**

Should it be concluded by the United States that the defendant has committed a crime subsequent to signing the plea agreement, or otherwise violated this plea agreement, the defendant shall then be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted. Any such prosecution(s) may be premised upon any information, statement, or testimony provided by the defendant.

In the event the defendant commits a crime or otherwise violates any term or condition of this plea agreement, the defendant shall not, because of such violation of this agreement, be allowed to withdraw the defendant's plea of guilty, and the United States will be relieved of any

obligation it otherwise has under this agreement, and may withdraw any motions for dismissal of charges or for sentence relief it had already filed.

## VIII
## **SCOPE OF AGREEMENT**

A. This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

B. By signing this agreement, the defendant agrees that the time between the date the defendant signs this agreement and the date of the guilty plea will be excluded under the Speedy Trial Act. The defendant stipulates that such period of delay is necessary in order for the defendant to have opportunity to enter the anticipated plea of guilty, and that the ends of justice served by such period of delay outweigh the best interest of the defendant and the public in a speedy trial.

C. The United States may use against the defendant any disclosure(s) the defendant has made pursuant to this agreement in any civil proceeding. Nothing contained in this agreement shall in any manner limit the defendant's civil liability which may otherwise be found to exist, or in any manner limit or prevent the United States from pursuing any applicable civil remedy, including but not limited to remedies regarding asset forfeiture and/or taxation.

D. Pursuant to 18 U.S.C. § 3013, the defendant will pay to the Clerk of the District Court the mandatory special assessment of $100 for each felony count to which the defendant pleads guilty. The defendant will make this payment at or before the time of sentencing.

E. By signing this agreement, the defendant waives the right to withdraw the defendant's plea of guilty pursuant to Federal Rule of Criminal Procedure 11(d). The defendant may only withdraw the guilty plea in the event the court rejects the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(5). Furthermore, defendant understands that if the court rejects the plea agreement, whether or not defendant withdraws the guilty plea, the United States is relieved of any obligation it had under the agreement and defendant shall be subject to prosecution for any federal, state, or local crime(s) which this agreement otherwise anticipated would be dismissed or not prosecuted.

F. This agreement may be withdrawn by the United States at any time prior to its being signed by all parties.

## IX
### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No promises, agreements or conditions have been entered into other than those set forth in this agreement, and none will be entered into unless in writing and signed by all parties.

## X
### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that defendant read it (or that it has been read to defendant in defendant's native language). Defendant has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect.

UNITED STATES OF AMERICA
JOSEPH P. KELLY
United States Attorney

4-20-2020
Date

STEVEN A. RUSSELL
ASSISTANT U.S. ATTORNEY

4/17/2020
Date

s/ Aaron Fischer
AARON LEE FISCHER DEFENDANT

4/17/2020
Date

s/Jessica L. Milburn

JESSICA L. MILBURN
COUNSEL FOR DEFENDANT